IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 13, 2010 Session

## DAVID G. MILLS, ET AL. v. FIRST HORIZON HOME LOAN CORPORATION d/b/a FIRST TENNESSEE HOME LOANS, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-09-0662-2     Arnold B. Goldin, Chancellor

No. W2010-00310-COA-R3-CV - Filed November 16, 2010

The trial court dismissed Plaintiffs' action to quiet title for lack of justiciability. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

David G. Mills, Cordova, Tennessee, *Pro se* and for the appellant, Julia Mills and Carol A. Molloy, Cordova, Tennessee for the appellants.

Kristine L. Roberts and Robert F. Tom, Memphis, Tennessee, for the appellees, First Horizon Home Loan Corporation and Mortgage Electronic Registration Systems, Inc.

**OPINION**

This appeal arises from a complaint to quiet title filed by Plaintiffs David G. Mills (Mr. Mills) and Julia Mills (collectively, "the Mills") against First Horizon Home Loan Corporation D/B/A First Tennessee Home Loans ("First Horizon") & Mortgage Electronic Registration Systems, Inc. ("MERS"; collectively, Defendants) in the Chancery Court for Shelby County in March 2009, as amended in September 2009. In their amended complaint (hereinafter, "complaint'), the Mills asserted that this case arose out of a dispute concerning first and second mortgages on their residence located at 1403 Cedar Run in Cordova. In their complaint, the Mills asserted that, although the second mortgage held by First Horizon on their residence has been satisfied and the deed of trust released, First Horizon had failed to surrender the note as required by Tennessee Code Annotated § 47-3-501(b). They asserted that they had been advised during a telephone conversation with a representative of First

Horizon that it no longer returned the original note showing it as "paid in full" after the loan had been satisfied. The Mills further asserted that, subsequent to the filing of their original complaint in March 2009, counsel for First Horizon had confirmed that the second mortgage note probably had been destroyed. They further asserted that another representative had advised them that they would not receive the original note once it had been paid off, and that they would not be permitted to see the first mortgage note. The Mills stated that they continued to make payments on their first mortgage note and intended to do so during the pendency of the litigation.

In their complaint, the Mills asserted that, under Tennessee Code Annotated § 47-3-309, First Horizon had a burden to prove that the second mortgage was enforceable "when the note went missing." They prayed that, should First Horizon be unable to meet its burden to prove the note was enforceable, that First Horizon be required to make an accounting of all payments and to return all payments "from the date the note went missing, or from the date of first payment, if the date the note went missing cannot be accurately ascertained." They further prayed for an order clearing their title with respect to the second deed of trust, and for "adequate protection against any loss that might occur to them, by reason of a claim by another person[.]"

The Mills additionally asserted that First Horizon had a burden of proving the enforceability of the first mortgage, and prayed for an order determining that they can refuse to make payments on the first mortgage until such time as First Horizon exhibits the note. They further prayed for an order requiring an accounting if First Horizon cannot provide the note, and for return of all monies from the date the note went missing or from the date it was sold.

The Mills additionally asserted that, despite language in the deed of trust, MERS cannot be a beneficiary of the first mortgage deed because it never had a right to their mortgage note payments. They asserted:

> Plaintiffs would therefore show that neither [First Horizon] nor MERS has any interest whatsoever in Plaintiffs first mortgage Deed of Trust, either as lenders or as beneficiaries; but regardless, Plaintiffs aver that it is the Defendants who have the burden of proving they have any interest in any capacity in the first mortgage Deed of Trust.

> Plaintiffs would further show that when [First Horizon] sold [Plaintiffs'] first mortgage note without an assignment of the Deed of Trust at the time of the note's sale, Plaintiffs first mortgage note became an unsecured note.

Plaintiffs therefore pray for a judgment against MERS and [First Horizon] setting aside the first mortgage Deed of Trust and removing any cloud on Plaintiffs property due to the first mortgage Deed of Trust.

In their complaint, the Mills included a "discussion of recent legal history of missing mortgage notes and its application to the instant case." In this discussion, the Mills discussed the inability of MERS and/or the trustee and/or lender to produce the original note in question in recent foreclosure actions. The Mills asserted that, although this is not a foreclosure action, "many of the same problems arise in it" with respect to the ability of the lender to produce the original note.

The Mills attached several exhibits to their complaint. These exhibits include: 1) Trust Deed Release executed by First Horizon in February 2008 ; 2) correspondence between the Mills and First Horizon; and 3) the October 15, 2001, deed of trust 4) case law referenced in the Mills discussion of law.

In September 2009, Defendants moved to dismiss for failure to state a claim pursuant to Tennessee Rules of Civil Procedure 12.02(6). Defendants asserted that the Mills had failed to allege any wrongdoing on their part. Defendants asserted that the Mills had waived their right to presentment under Tennessee Code Annotated § 47-3-501 pursuant to the plain terms of their note, and that the Mills had not contended that there is, in fact, a cloud on their title based on the first or second mortgages, the latter of which had been paid and released. Defendants asserted that the Mills "only contend that there may be a cloud of title if [First Horizon] cannot provide the original second mortgage note and if Defendants cannot prove that they have rights under the first mortgage note and deed of trust."

Following a hearing in October 2009, the trial court dismissed the matter on the grounds that the Mills' claim was not ripe. The trial court stated that no controversy existed with respect to the release of the second deed of trust upon satisfaction of the second mortgage, and that, with respect to the first mortgage, "there's no reason for [the Mills] to believe, or for this Court to believe that when that note is paid off, that it won't be handled in the same manner in which the second mortgage was handled when that was paid off." The Mills filed a motion to alter or amend the judgment in November 2009. In their motion, the Mills asserted, *inter alia*, that ripeness in not a criterion for a suit to remove a cloud on title. The trial court denied the motion in January 2010, and the Mills filed a timely notice of appeal to this Court.

### *Issue Presented*

In their statement of the issues, the Mills state: "[t]he single issue presented to this

court is whether the Appellants stated a claim for which relief could be granted." The issue as we perceive it, however, is whether the trial court erred by dismissing the Mills claim for lack of justiciability on the basis of ripeness.

### *Standard of Review*

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests only the legal sufficiency of the complaint itself. *Cook v. Spinnakers of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). The grounds for such a motion are that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law. *Id* . A motion to dismiss should be granted only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). We review a trial court's award of a motion to dismiss *de novo*, with no presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997).

### *Discussion*

It is well-settled that the role of the court is to adjudicate and settle legal rights, not to give abstract or advisory opinions. *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam County*, 301 S.W.3d 196, 203 (Tenn. 2009)(citations omitted). A matter qualifies as a "legal controversy" when there exists a real and disputed issue. *Id.* Theoretical or abstract questions do not compose a legal controversy. *Id.* Rather, a there must be a real dispute "between parties with real and adverse interests." *Id.* The determination of whether a matter is ripe for review involves a determination of "'whether the harm asserted has matured sufficiently to warrant judicial intervention[.]'" *American Civil Liberties Union of Tennessee v. Darnell*, 195 S.W.3d 612, 620 n.7 (Tenn. 2006)(quoting *Warth v. Seldin*, 422 U.S. 490, 499 n. 10 (1975)). Accordingly, the courts will not address an issue that is not ripe for review. *City of Memphis v. Shelby County Election Com'n*, 146 S.W.3d 531, 539 (Tenn. 2004).

In this case, although the Mills have styled their complaint as an action to quiet title, there is no suggestion that the Mills' title currently is encumbered other than by a mortgage which they do not deny executing. The second deed of trust securing the second mortgage has been released. The terms of the first mortgage are not in dispute, the mortgage is not in default, and no enforcement proceedings have been initiated against the Mills. Thus this action is, in substance, in the nature of a declaratory judgment action that seeks to ascertain whether Defendants would have the right to enforce the first mortgage in foreclosure action. Although a showing of present injury is not required in a declaratory judgment action, a real "case" or "controversy" must nevertheless exist. *Colonial Pipeline Co. v. Morgan*, 263

S.W.3d 827, 837-38 (Tenn. 2008). A lawsuit brought as a declaratory judgment action likewise may be dismissed for lack of ripeness. *Id.*

The trial court granted Defendants' motion to dismiss upon determining that no real controversy existed between the parties. With respect to the second mortgage, the trial court observed:

> With regard to the second mortgage, the second mortgage was paid off in . . . early 2008. The mortgage - - the deed of trust was released. The deed of trust reflected that the - - that the indebtedness had been paid off, and the deed of trust was recorded with the register of deeds in Shelby County.
>
> There's apparently concern by the Plaintiff that because the original note was not provided to him, at some point in the future, someone could attempt to come in and enforce that note. That is . . . not a ripe controversy at this point. There's no basis on which to - - for this Court to proceed with a - - with a lawsuit on the basis that something might happen in the future, that there's no indiction that it will happen, that there's documentation to support the fact that the - - that the indebtedness was paid off and the deed of trust was released.

Notwithstanding that the Mills have styled their complaint as an action to quiet title, there is no allegation that any controversy exists regarding the Mills' title or rights to the property in this case. With respect to the second mortgage, the Mills do not contend that were not liable for the debt, and Defendants do not assert that any liability remains. It is undisputed that the deed of trust securing the second mortgage has been released. That the release might someday prove inadequate vis a vis a third party is purely hypothetical, particularly where the Mills allege no defect in the release itself.

With respect to the first mortgage, it is undisputed that, by the express terms of the mortgage, the Mills waived their right to presentment under Tennessee Code Annotated § 47-3-501.[1] Further, as the Mills asserted in their complaint, there is no dispute that First Horizon

---

[1]Section 47-3-501 provides:

**Presentment.-** (a) "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

(b) The following rules are subject to chapter 4 of this title, agreement of the parties,

(continued...)

sold the original note, but remains the servicer of the note. Paragraph 20 of the mortgage agreement provides that "the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." As the Mills assert, MERS is named as "a nominee for Lender and Lender's successors and assigns" and as the "beneficiary" under the instrument.

As the trial court noted, the Mills have not defaulted on the note, and this lawsuit is not an enforcement action. At the October 2009 hearing on Defendants' motion to dismiss, Mr. Mills referred to foreclosure litigation proceedings in other jurisdictions wherein lost notes have become an issue and stated:

---

[1](...continued)
and clearing-house rules and the like:

(1)     Presentment may be made at the place of payment of the instrument and must be made at the place of payment if the instrument is payable at a bank in the United States; may be made by any commercially reasonable means, including an oral, written, or electronic communication; is effective when the demand for payment or acceptance is received by the person to whom presentment is made; and is effective if made to any one of two or more makers, acceptors, drawees, or other payors.

(2)     Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

(3)     Without dishonoring the instrument, the party to whom presentment is made may (i) return the instrument for lack of a necessary endorsement, or (ii) refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.

(4)     The party to whom presentment is made may treat presentment as occurring on the next business day after the day of presentment if the party to whom presentment is made has established a cut-off hour not earlier than two o'clock (2:00) p.m. for the receipt and processing of instruments presented for payment or acceptance and presentment is made after the cut-off hour.

Tenn. Code Ann § 47-3-501(2001).

Section 47-3-504(a)(iv)(2001) provides that presentment is excused if "the drawer or endorser whose obligation is being enforced has waived presentment[.]"

-6-

But I shouldn't have to go into default so that I can raise these issues, so that I can get sued for, and be foreclosed on - - get a notice of foreclosure and then file for injunctive relief. If - - another way of putting it, is that the people who are in default and are - - why should someone who is? I should be able to have the same rights as they do.

. . . . They've [First Horizon] now admitted they don't own my note.
. . .

That the Mills' property is encumbered by a validly executed mortgage is not disputed in this case. First Horizon's right to receive monthly payments as the servicer of the note, the Mills' waiver of the right to presentment, the Mills' obligation to pay according to the terms of the note, and the terms of the note itself also are not in dispute between these parties. The substantive question posed by this lawsuit does not pertain to the rights and responsibilities of these parties under the note, or to whether the note as executed is a valid encumbrance on the Mills's property. Rather, the real question raised in this action is whether Defendants would be successful in a potential foreclosure action or action to enforce the note upon default if they cannot produce the original note. As noted, however, this is not an enforcement proceeding or foreclosure action. This issue is not ripe for review where the note is not in default and no foreclosure or enforcement proceedings have been initiated against the Mills.

### *Holding*

In light of the foregoing, the judgment of the trial court dismissing this action based on lack of ripeness is affirmed. Costs of this appeal are taxed to the Appellants, David G. Mills and Julia Mills, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE